### 4754. PHILLIPS *v.* CITY OF JEFFERSON.

The solicitor of the city court and the clerk of the superior court were not disqualified, under section 258 of the Code of 1910, to serve as members of the city council of the City of Jefferson. The case is controlled by the decision of the Supreme Court in *Long* v. *Ross*, 132 *Ga.* 288 (64 S. E. 84), in which it is held that officers of municipalities are not civil officers of this State.

DECIDED SEPTEMBER 9, 1913.

Certiorari; from Jackson superior court—Judge Brand. February 15, 1913.

*Ray & Ray,* for plaintiff in error.  *C. L. Bryson,* contra.

RUSSELL, J. Sing Phillips was tried for a violation of an ordinance of the City of Jefferson against keeping liquor for illegal sale, and, being found guilty by the mayor, appealed to the city council.

Hon. P. Cooley was mayor pro tem. and presided at the trial of the case on appeal. Before proceeding with the case the defendant filed written objection to the council as constituted, upon the ground that Hon. P. Cooley and Hon. S. J. Nix, two members of the council, were disqualified to serve as aldermen or councilmen for the City of Jefferson, for the reason that they were holding two offices at the same time, in contravention of the constitution. It appears that Hon. P. Cooley was solicitor of the city court of Jefferson and Hon. S. J. Nix was at that time clerk of the superior court of Jackson county. The objection was overruled, and the case proceeded to trial, resulting in the conviction of the accused. In the petition for certiorari exception is taken to the introduction of certain evidence, but the only point insisted on in the brief of counsel is that in which the question as to the disqualification of these councilmen is raised. It is true that it is stated in the brief that "the judgment overruling the certiorari should be reversed because the evidence did not authorize conviction," but no argument is advanced in support of this statement, and the brief proceeds immediately to cite authorities to sustain the main contention, to the effect that the council, with the presence of the solicitor of the city court and the clerk of the superior court as members of it, was not legally constituted.

Some of the authorities cited from other jurisdictions seem to lend support to the contention of the plaintiff in error, but these rulings of courts of our sister jurisdictions must yield to the adjudication of the Supreme Court in what we deem to be a case practically identical with the one now before us. *Long* v. *Ross,* 132 *Ga.* 288 (64 S. E. 84). It certainly makes no difference that in that case the mayor and council were appointed by the Governor (as provided by the charter of St. Marys) ; the ruling of the Supreme Court went beyond the method by which these officers were selected. It dealt with the character of the office which they filled, and it was distinctly held that municipal officers are not civil officers of this State, under the section of the code which declares that "persons holding any office of profit or trust under the government of . . either of the several States" are "ineligible to hold any civil office in this State." Code of 1910, § 258. In this view the provision of the charter of Jefferson which empowers the mayor and each member of the council, under certain circum-

stances, to discharge the duties of justice of the peace and sheriff, can not affect the case; for even if any one of them was on such an occasion a State officer pro tempore, neither the mayor nor any of the council would be State officers when discharging municipal functions.  The right to discharge upon occasion the duties of a State officer has been granted them; and perhaps, while executing the duties of the office of either justice of the peace or sheriff, the councilmen of the City of Jefferson might temporarily be civil officers of this State, but when acting as mayor or councilmen their duties would be of an entirely different nature, and the character of their offices would be fixed by the discharge of these municipal duties.                                    *Judgment affirmed.*